# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA



**UNITED STATES OF AMERICA**
**Plaintiff,**

vs.

**JAMES LOWE**
**Defendant.**

**CASE NO.: 00-6123-CR FERGUSON**
**NOTICE OF MOTION FOR DEFAULT**
**JUDGMENT**

TO:   The Clerk of the Court
      United States District Court
      Southern District of Florida

You will please enter **default** of Plaintiff United States of America for

failure  to respond to this Court's ORDER TO RESPOND of October 31, 2001, or

otherwise to defend as provided by the Federal Rules of Civil Procedure, as

appears from the attached affidavit of Defendant James Lowe.

Respectfully submitted,

James Lowe
Reg. No. 55306-004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177

---

(1)      Federal Civil Judicial Procedure and Rules, Rules of Civil Procedure, Rule 55 (e) JUDGMENT AGAINST
THE UNITED STATES.  "No judgment by default shall be entered against the United States of any officer or
agency thereof <u>unless the claimant establishes a claim  of right to relief by evidence satisfactory to the court.</u>"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    **vs.**                  **CASE NO.: 00-6123-CR FERGUSON**
                                  **AFFIDAVIT AND REQUEST TO**
                                  **ENTER DEFAULT**

**JAMES LOWE**
    **Defendant.**

I, James Lowe, a litigant (Defendant) in the above action, which is brought

pro se before this Honorable Court, being duly sworn say:

1.    On September 20, 2000, this Court entered a judgment against Defendant
       Lowe for violation of 18 U.S.C. § 371.  As part of the judgment, defendant
       was ordered to pay restitution, per a hearing, " . . .[on] January 12, 2001, at
       which time a restitution hearing will be held at 9:00 a.m." (Judgment &
       Commitment Order of September 20, 2000, page 2, attached).

2.    Pursuant to 18 U.S.C. § 36634 (d)(5), "the Court shall set a date for final
       determination of the victims losses, not to exceed 90 days after sentencing."
       (PSI, page 32, attached).  This hearing was not held.

3.    On the 17th day of April, 2001, this Court issued an order under Rule 35 (b),
       reducing defendant's sentence to 30 months incarceration and restitution,

joint and several, of $1,702,178.77.

4.    On the 28th day of September, 2001, Defendant entered a "Motion Requesting Court's Clarification of Judgment and Commitment Order." (attached).

5.    On November 1st, 2001, this Court issued an "Order to Respond" to government with 15 days.  Government has not responded in any way and has neither served an answer or taken other action as may be permitted by law although fully 30 days have passed since this Court issued its order.

_____

James Lowe
Reg. No. 55306-004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida  33177

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above notice of Motion for Default Judgment and Affidavit and request to enter default has been sent this 4th day of December, 2001, via First Class, United States Mail, properly addressed and with proper postage affixed, to Jeff Kaplan, Assistant United States Attorney, Office of the United States Attorney, 99 NE Fourth Street, Miami, Florida 33132-2126.

James Lowe
Reg. No. 55306-004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida  33177

Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT:　　**JAMES LOWE, (J) 55306-004**
CASE NUMBER:　　0:00CR06123-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __57__ month(s) .

**Execution of this sentence is stayed until January 12, 2001, at which time a restitution hearing will be held at 9:00 a.m.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ a.m./p.m. on _____ .

　　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☒ before 2 p.m. on _____01/12/2001_____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

**Probation**

116. **Statutory Provisions:** The defendant is eligible for a term of not less than one nor more than five years probation by statute, 18 U.S.C. § 3561 (c)(1). Because the offense is a felony, all applicable mandatory conditions shall be imposed, 18 U.S.C. § 3563 (a).

117. **Guideline Provisions:** As the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, § 5B1.1(a).

**Fines**

118. **Statutory Provisions:** The maximum fine is $250,000, 18 U.S.C. § 3571(b)(3). A special assessment of $100 is mandatory, 18 U.S.C. § 3013.

119. **Guideline Provisions:** The fine range for the instant offense is from $10,000 to $100,000, § 5E1.2 (c)(3).

**Restitution**

120. **Statutory Provisions:** The court shall order the defendant to make restitution to the victims of the offense, 18 U.S.C. § 3663A(a)(1). As previously stated in this report, the victims' losses are not yet ascertainable.

121. Pursuant to 18 U.S.C. § 3664(d)(5), if the victims' losses are not ascertainable by the date that is ten days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victims' losses, **not to exceed 90 days after sentencing.**

122. **Guideline Provisions:** Restitution shall be ordered, § 5E1.1.

**PART E.    FACTORS THAT MAY WARRANT A DEPARTURE**

123. The court may wish to consider a downward departure upon a motion from the government pursuant to § 5K1.1 for the defendant's substantial assistance to authorities.



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Miami Division)

UNITED STATES OF AMERICA    )    CASE NO. 0:00CR06123-001
       Plaintiff/Respondent    )

vs.    )    <u>PETITIONER'S MOTION REQUESTING</u>

JAMES LOWE    )    <u>COURT'S CLARIFICATION</u>
       Defendant/Petitioner    )    <u>OF JUDGEMENT AND COMMITMENT ORDER</u>

    COMES NOW The Petitioner James P. Lowe, <u>Pro Se</u>, currently an inmate (Reg. No. 55306-004) incarcerated at Federal Correctional Insitution Miami, P.O. Box 779800, Miami, Florida 33177, and requests that this Honorable Court clarify The Judgement and Commitement Order of September 20, 2000 (copy attached), for the following reasons:

    1.    On September 20, 2000, this Court sentenced Defendant to a term of incarceration of 30 months to be followed by a term of Supervised Release of three (3) years for violation of **18 U.S.C. §371, CONSPIRACY.**

    2.    As part of the same Judgement and Commitment, the Court ordered defendant to pay restitution. Said restitution was to be determined by a hearing on "...January 12, 2001, at which time a restitution hearing will be held at 9:00 a.m." (Judgement & Commitment Order, pg. 2, attached).

    3.    As of this date, defendant, to the best of his knowledge and belief, is unaware of any hearing having been held to establish the terms and conditions of said restitution order.

(1)

4.    It is defendant's understanding that a final determination on the terms of restitution must be made within ninety (90) days of sentencing.

NOW, THEREFORE, defendant/petitioner Lowe respecfully requests that this Honorable Court issue a judical **ORDER** clarifying his Judgement and Commitment as to the following:

a)    The full amount and terms of restitution applicable to petitioner in the instant case, and

b)    A full accounting of any and all funds paid by or on behalf of petitioner's co-defendants in the instant case.

Respectfully Submitted

_____
JAMES P. LOWE
REG. NO. 55306-004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been sent this 28. day of September, 2001, via First Class, United States Mail, properly addressed and with proper postage affixed, to Jeff Kaplan, Assistant United States Attorney, Office of the United States Attorney, 99 N.E. Fourth Street, Miami, Florida 33132-2126.

_____
JAMES P. LOWE
Reg. No. 55306-004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177

(2)