JNK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6123-CR-FERGUSON

UNITED STATES OF AMERICA,            :

          PLAINTIFF,            :

v.                                                          :

JAMES LOWE,                                    :

          DEFENDANT.            :



## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION REQUESTING CLARIFICATION OF JUDGMENT AND COMMITMENT ORDER

The United States, by and through its undersigned counsel, hereby opposes defendant's motion for clarification of the judgment and commitment order as this court lacks jurisdiction to issue such an order, and states as follows:

1. On September 20, 2000, the defendant was sentenced to 57 months imprisonment. The parties had attempted to delay the sentencing, because the government was not in a position to file a motion under Section 5K1.1 of the Sentencing Guidelines as the case against one of his coconspirators, Mark Roseman, had not yet gone to trial. Pursuant to an agreement of the parties the execution of the sentence was stayed until January 12, 2001, at which time a restitution hearing was to be held and it was believed that a Rule 35 motion would be filed. (See page 2 of J&C). On January 12, 2001, the parties again moved to continue the hearing as the trial of Mark Roseman was not scheduled to begin until January 22, 2001. The parties also informed the Court

that they would most likely enter into a stipulation as to the amount of restitution.

2. The parties subsequently entered into the attached stipulation agreeing that the amount of restitution was $1,702,178.77. (See Stipulation Regarding Amount of Restitution attached to proposed order). The parties then drafted a proposed order with respect to the government's Motion for Downward Departure under Rule 35 and to impose restitution pursuant to the stipulation of the parties. (See attached order). On or about April 17, 2001, this court issued an order reducing defendant's sentence to 30 months and ordering restitution in the amount of $1,702,178.77 as set forth in the proposed order.

3. On or about September 28, 2001, the defendant served a motion requesting a clarification of this Court's order of April 17, 2001, asking for the full amount and terms of the restitution applicable to the defendant and an accounting of the funds paid by petitioner's co-defendants. There is no legal basis for the defendant to obtain from this Court clarification of its ruling issued five months earlier. If a defendant does not file a notice of appeal from an order it is considered final when the time for filing a notice of appeal expires. See e.g., Hagins v. United States, 267 F.3d 1202, 1208 (11th Cir. 2001). Rules 35 and 36 of the Federal Rules of Criminal Procedure provide limited relief for the defendant, but none of those exceptions are applicable in this case. Thus, this Court lacks jurisdiction to further clarify its prior order.

4. The full amount of restitution is $1,702178.77 as set forth in the attached stipulation of the parties. Further, the government cannot provide an exact accounting of the payments of his co-conspirators, but can state that it is believed that less than $800,000 has been paid to date by his co-conspirators. As two of his co-conspirators have been ordered to pay a larger amount of restitution, the total paid by his coconspirators will not necessarily reduce the defendant's liability by the $800,000 paid. Thus, the defendant's outstanding liability is still substantial.

## CONCLUSION

For the foregoing reasons the defendant's motion must be denied as this Court lacks jurisdiction to enter an order of clarification.

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

By:                    _____
                              JEFFREY N. KAPLAN
                              Court No. A5500030
                              500 E. Broward Blvd., 7th flr
                              Ft. Lauderdale, Fl 33394
                              (954) 356-7255
                              (954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 11th day of December, 2001, to James Lowe, Reg. No. 55306-004, Federal Correctional Institution, P.O. Box 779800, Miami, Fla. 33177.

_____
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY

JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6123-CR-FERGUSON

UNITED STATES OF AMERICA,         :

        PLAINTIFF,         :

v.                                :

JAMES LOWE,                       :

        DEFENDANT.        :
_____

## ORDER

THIS MATTER is before the Court upon the Government's Motion Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and upon the continued hearing regarding restitution. Upon consideration of the government's motion, the stipulation of the parties regarding restitution, and being otherwise duly advised upon the premises, it is

ORDERED AND ADJUDGED that the aforementioned motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure be and the same is hereby GRANTED and that restitution be ordered in the amount stipulated by the parties.

The sentence previously imposed is hereby reduced to a term of 30 months custody of the Bureau of Prisons, followed by 3 years Supervised Release. All previous conditions of supervised release are reimposed. Restitution in the amount of $1,702,178.77 joint and several is hereby imposed in accordance with the attached stipulation of the parties.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of _____, 2001.

_____
WILKIE D. FERGUSON
UNITED STATES DISTRICT JUDGE

cc:   Jeffrey Kaplan, Esq., AUSA
      Raymond Miller, Esq.
      Probation
      Marshal

JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6123-CR-FERGUSON

UNITED STATES OF AMERICA,           :

        PLAINTIFF,          :

v.                                  :

JAMES LOWE,                         :

        DEFENDANT.          :

_____

STIPULATION REGARDING
AMOUNT OF RESTITUTION

The United States of America and James Lowe hereby stipulate and agree that the amount

of the restitution due and owing by the defendant in the above-referenced case is $1,702,178.77,

which is due in the amounts set forth below to the following entities:

| | |
|---|---|
| Fannie Mae<br>950 E. Paces Ferry Rd<br>Suite 1900<br>Atlanta, GA 30326 | $271,593.23 |
| First Bankers Mortgage Svcs.<br>1700 N.W. 64th St.., Suite 100<br>Ft. Lauderdale, Fl 33309 | 163,842.40 |
| Freddie Mac<br>8200 Jones Branch Drive<br>McLean, VA 22102 | 86,225.94 |
| PMI Mortgage Insurance Co.<br>601 Montgomery St.<br>San Francisco, CA 94111 | 104,239.65 |

| | |
|---|---|
| HUD<br>909 S.E. 1ᵗ Avenue<br>Miami, Fl 33131 | 398,476.66 |
| Radian Guaranty<br>400 Market St.<br>Philadelphia, PA 19106 | 50,611.30 |
| GE Capital Mortgage Ins. Co.<br>6601 Six Forks Road<br>Raleigh, N.C. 27615 | 86,251.58 |
| United Guaranty Residential Ins. Co.<br>230 N Elm Street<br>PO Box 21367<br>Greensboro, N.C. 27420 | 112,347.80 |
| Mortgage Guaranty Ins. Corp.<br>MGIC Plaza<br>PO Box 488<br>Milwaukee, Wisc 53201 | 147,880.97 |
| Republic Mortgage Ins. Co.<br>PO Box 2514<br>Winston-Salem, N.C. 27102 | 166,061.84 |
| CMAC a/k/a Radian<br>400 Market Street<br>Philadelphia, PA 19106 | <u>114,647.40</u><br>$1,702,178.77 |

The liability for restitution should be joint and several with the defendant's co-conspirators.

                                      Respectfully submitted,

                                      GUY A. LEWIS
                                      UNITED STATES ATTORNEY

By:   _____
        JEFFREY N. KAPLAN
        ASSISTANT U.S. ATTORNEY
        Court No. A005500030
        500 E. Broward Blvd. 7th F;r.
        Ft. Lauderdale, Fl 33394
        (954) 356-7255/(954) 356-7336

By:   _____
        RAYMOND MILLER, ESQ.
        ATTORNEY FOR DEFENDANT

        _____
        JAMES LOWE
        DEFENDANT