UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
PLAINTIFF,

VS.   CASE NO. 00-6123-CR-FERGUSON

JAMES LOWE
DEFENDANT.

## DEFENDANT'S ANSWER TO GOVERNMENT' OPPOSITION TO DEFENDANT'S MOTION TO CLARIFY JUDGMENT AND COMMITMENT

Government in its opposition to Defendant's request to clarify the terms of his restitution per his Judgment and Commitment Order, cites <u>Hagins vs., United States</u>, 267 F 3d 1202, 1208 (11th Cir., 2001) as indicative that this Court lacks jurisdiction to respond to Defendant's request for clarification of his Restitution Order because he is, essentially time-barred because he has not filed " . . . a notice of appeal from an order . . . it is considered final when the time for filing a notice of appeal expires." Defendant avers the following:

1. Defendant is not <u>appealing</u> but requesting clarification of an issue that has not been resolved---ie, the discrepancy between his Judgment and Commitment Order and the fact that the <u>Court-ordered</u> time period of 90 days for settling the restitution issue has passed.

2. Citing <u>Hagin</u>, Ibid., (Government opposition @ ¶ 4) is not germinal to defendant's issue. <u>Hagin's</u> issue was ineffective assistance of counsel in a §2255 proceeding where finality of judgment <u>was</u> an issue. If, in fact,




1

government wishes to assert its position that the judgment was final 90 days after sentencing, then the defendant herein states that, since the hearing on his restitution issue <u>never</u> took place within the time confines established by this Court, that his restitution has been decided herein and there is no further obligation on the part of defendant to pay restitution.

Defendant Lowe points to a recent decision (<u>United States of America vs. Fabien Miguel Jolivette</u>, 257 F 3d 581 (6th Circuit, 2001), in which the Court found the following:

> We [the Court] believe that the statute makes clear the congressional intent to prohibit courts from making restitution determinations after the statutory period has run. <u>But even if we found Congress's silence on the issue of what occurs if, as in this case, the Court does not make a determination</u> [on restitution], <u>we would apply the well settled rule requiring that any ambiguity in criminal statutes be resolved against the government and in favor of the criminal defendant. Staples vs. United States, 511 U.S. 600, 619 n. 17 114 S. Ct. 1793, 128 L .Ed. 2e 608 (1994)</u> (rule of lenity requires that "ambiguous criminal statute [s] . . . be construed in favor of the accused.")
>
> Accordingly, we hold that when the 90-day clock runs out, the judgment becomes final by operation of statute."

3. Government claims that "there is no legal basis for the defendant to obtain from this Court clarification of its ruling issued five months earlier." Defendant is at a loss as to what legal theory government uses to preclude defendant from a clarification of judicial order, in light of the fact that a condition of his Judgment and Commitment Order has not been carried out."

4.  Finally, government alleges that it "cannot provide an exact accounting of the payment of his coconspirators." Defendant refers this Court to 18 U.S.C. § 3364(d):

> **Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss ... shall be on the attorney for the government.**

Defendant asks the following: If the government cannot provide defendant with the amount of the loss, to whom should defendant turn to for this requested accounting?

NOW, THEREFORE, Defendant James Lowe reiterates his request for relief in his initial petition to this Honorable Court.

Respectfully submitted,

James Lowe
Reg. No. 55306-004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177

## CERTIFICATE OF SERVICE

Thereby certify that a copy of the attached was sent via First Class United States Mail on this 9th day of January, 2002, to Jeffrey N. Kaplan, AUSA, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394.

_____
James Lowe
Reg. No. 55306-004

3